PEOPLE, PLAINTIFF AND APPELLEE, v. ECHAVARRÍA,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution
for Violation of Section 47 of the Penal Code.

No. 1712.—Decided July 26, 1921.

RIOT.—The fact that the defendant spoke as follows at a meeting: `` * * *
Comrades, if on election day, November 2, 1920, by any chance Luis Texidor
and others should attempt to betray us by stealing the tickets from us and
causing us to lose the election, we will take to the street and defend it by
force of arms,'' does not constitute the offense defined and penalized by
section 47 of the Penal Code.

The facts are stated in the opinion.
*Mr. C. Domínguez Rubio* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The fundamental question involved in this case is whether
the acts with which the defendant is charged constitute a
public offense.

The pertinent part of the complaint reads as follows:

"I make a complaint against Moisés Echavarría for the offense
of violating section 47 of the Penal Code in connection with section
359 of the same Code, a misdemeanor committed in the following
manner: On or about September 16, 1920, in the ward of Borinquen
of Guayama, P. R., within the Municipal Judicial District of Gua-
yama, which forms a part of the Judicial District of Guayama, P.
R., the said Moisés Echavarría, while a political meeting was being
held, then and there, unlawfully, wilfully and maliciously counseled
and incited the persons there gathered to engage in a riot (misde-
meanor) and together attack without lawful authority Luis Texidor
and others by force and violence, expressing himself in the follow-
ing manner: 'Comrades, if on election day, November 2, 1920, by
any chance Luis Texidor and others should attempt to betray us
by stealing the tickets from us and causing us to lose the election,
we will take to the street and defend it by force of arms.' An act
which is contrary to law."

On May 29, 1907, this court decided the case of *People* v.

*Dessús et al.*, 12 P. R. R. 330. The opinion of the justices of the court was not unanimous. The majority held that "The words 'every person who counsels or aids another in the commission of such act is guilty of a misdemeanor,' contained in section 47 of the Penal Code, can not be construed otherwise *than that every person who counsels another to commit such an act, or who aids him in the commission thereof* is guilty of a misdemeanor. Any other construction, and especially the addition of the words 'in the commission' after the word 'counsels,' would be forced, because advice is given *to commit* the act while assistance or aid is given *during the commission thereof.*" The minority held that "The evident meaning of the statute is that some crime must have been committed. The words 'in the commission' are not capable of any other interpretation. Furthermore, one can not aid in the commission of a crime without a crime being committed. The words 'counsels and aids' are used in the same way in the sentence, and a complaint under this section must presuppose necessarily the performance by another, or others, of the commission of some act, the counseling of which had been in the intent or purpose of the defendants."

Some years passed and on the 8th of July, 1918, the court, by a majority vote in the case of *People* v. *Pillot,* 26 P. R. R. 492, ratified the rule laid down in *People v. Dessús, supra.* In the decision of this case, therefore, we shall take as a basis the previous holdings that the act of counseling is sufficient and it is not necessary to allege or prove that the offense counseled was actually committed.

Now, in order that a mere counseling may constitute an offense, it must be done in such a manner that it carries with it the force of the crime; the perversity of the offense, and that it be capable of inciting other persons to act. That was a condition clearly apparent in the *Dessús* and *Pillot Cases* to which we have referred; but it is not so shown in the case now submitted to our consideration. Besides, from

a careful reading of the complaint and of the words alleged to have been uttered by the defendant, it is necessary to conclude that none of them constitute a direct counsel to other persons. The defendant spoke of himself and of other persons, inasmuch as he uses the plural; but he does not counsel others to do what he says they will do. This being a criminal case, the construction must be strict and not liberal.

By virtue of all the foregoing, we are of the opinion that the complaint does not charge the commission of a public offense, and, therefore, the defendant must be acquitted.

*Reversed.*

Justices Aldrey and Hutchison concurred.

Chief Justice Hernández and Justice Wolf concurred in the judgment.